In re ROY.

(District Court, D. Vermont. September 5, 1899.)

No. 101.

BANKRUPTCY—RIGHT TO DISCHARGE—FALSE OATH.

A bankrupt who, at the time of signing his petition and schedule, has in his possession money paid to him under a policy of accident insurance, but states therein that he has no cash in hand, and also files a poverty affidavit, makes a "false oath in a proceeding in bankruptcy," such as will forfeit his right to a discharge.

In Bankruptcy. On application for discharge.

Bates, May & Simonds, for petitioner.

WHEELER, District Judge. The bankrupt appears to have had, when making his petition and schedules, an accident insurance policy, on which dues had accrued and had been paid to him to the amount of $37.50, which he had after his petition and schedules were made, and just before signing them. In the schedule calling for cash on hand he said, "None," and in that calling for insurance policies he said, "None," and with the petition and schedule he filed an affidavit stating that he was without means to pay the fees, and could not obtain the money to pay the same. Such a policy, on which nothing had accrued, and which had no surrender value, probably, would not pass to the trustee, and a mere omission of it from the schedules might not be serious; but money in hand received from it would be cash on hand, and that which had accrued due an asset. The schedules appear to have been false, and also the affidavit, whether the money was due and unpaid, or had been paid and was on hand; and the making of them under oath is such an offense under the law as, to, by the terms of the law, bar a discharge. This application for a discharge must therefore be denied.